2026 IL App (1st) 260767-U

No. 1-26-0767B

Order filed August 7, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 26 CR 1874 |
| | ) | |
| COURTNEY NEWBERN, | ) | Honorable |
| | ) | Thomas J. Byrne, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Martin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The State met its burden by clear and convincing evidence to justify defendant's pretrial detention, and the trial court's judgment is affirmed.

¶ 2     Defendant Courtney Newbern is charged with one count of armed violence, two counts of possession of cannabis with the intent to deliver, and three counts of aggravated unlawful use of a weapon. He now appeals the trial court's order denying him pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure (Code). 725 ILCS 5/110-1 *et seq.* (West 2024).

¶ 3    The General Assembly enacted Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act, to amend Section 110 of the Code and affect sweeping changes to how our criminal justice system treats pretrial detention and release. *See Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1 (noting neither "SAFE-T Act" nor "Pretrial Fairness Act" are "official" names but common shorthand for a sequence of public acts). Section 110 of the Code eliminates cash bail, presumes that *all* defendants, regardless of the alleged offense, are eligible for pretrial release, and establishes a number of new procedural rules regarding pretrial release. To succeed on a petition for pretrial detention, the State must make certain showings by clear and convincing evidence to demonstrate why the pretrial incarceration of any defendant is warranted. 725 ILCS 5/110-6.1(e)(1)-(4) (West 2024).

¶ 4    The trial court initially ordered defendant's pretrial detention on January 20, 2026. Defendant filed a motion for relief challenging that order, which was denied. On appeal, he argues that the State failed to meet its burden of proof to justify his pretrial detention.

¶ 5    For the reasons that follow, we affirm the judgment of the trial court.[1]

¶ 6                                    I. BACKGROUND

¶ 7    On January 20, 2026, the State charged defendant by multiple complaints with a number of felony and misdemeanor offenses including unlawful possession of a weapon (UUW) by a felon.

---

[1]Illinois Supreme Court Rule 604(h)(8) states that the time for filing a disposition in pretrial detention appeals shall not exceed 100 days from the filing of a notice of appeal except for good cause shown. Ill. S. Ct. R. 604(h)(8) (eff. Apr. 15, 2024). Defendant's notice of appeal was filed on April 16, 2026, and thus our disposition was due on July 27, 2026. The record was not filed until June 9, 2026, and on June 29, 2026, defendant filed a notice indicating he would not be submitting an appellate memorandum. The State filed its memorandum on July 17, 2026. Under the circumstances, there is good cause for exceeding the 100-day deadline as this court has issued its disposition as soon as was practicable after briefing was complete.

The State also filed a petition for pretrial detention. That petition alleged UUW by a felon as the detainable offense and claimed that defendant was recently discharged from parole for a gun offense and that defendant was the target of a search warrant that yielded a loaded nine-millimeter pistol, 58 grams of cannabis, and 4 grams of psilocybin.

¶ 8    The trial court held a hearing on the State's petition the same day. The State proffered that on January 19, 2026, at 4:08 p.m., officers executed a search warrant at a residence on the 8500 block of South Oglesby Avenue in Chicago, Illinois. Defendant was the subject and target of the search warrant and was present at the address.

¶ 9    Officers previously executed several controlled purchases of cannabis from defendant, and during those purchases officers observed that defendant had a firearm under his armpit inside his jacket. As the officers attempted to execute the warrant, defendant fled on foot into an alley. The officers performed an emergency takedown and, during a brief struggle, defendant stiffened his body and tried to pull away from the officers. After defendant was placed into custody, a search of his person yielded a loaded nine-millimeter handgun with a chambered round, as well as several bags containing suspect cannabis. Inside the home were defendant's girlfriend and their two-year-old son. Officers discovered additional bags of suspect cannabis totaling 58 grams, as well as 4 grams of dried mushrooms thought to be psilocybin.

¶ 10    The State proffered that defendant was discharged from parole on July 3, 2025, following a 2022 conviction for UUW by a felon for which he received a sentence of three years in prison. He was additionally charged with aggravated unlawful use of a weapon in 2018 which resulted in an adjudication and a sentence of probation that was terminated satisfactorily. The parties agreed that, regarding his 2018 gun case, defendant successfully completed a term of probation for first-

time gun offenders. Both parties thus expressed some confusion about how defendant could have subsequently been charged with and convicted of UUW by a felon in 2022. See 730 ILCS 5/5-6-3.6 (West 2024).[2]

¶ 11    Defense counsel proffered that there was no evidence that defendant ever displayed or brandished the weapon, and the weapon was not discharged and no one was injured. She also noted that at least one of the police vehicles was unmarked and the officers were in plain clothes, so it was not clear that defendant knew the individuals were police or that they were there to execute a search warrant when he fled.

¶ 12    Pretrial Services scored defendant a 3 out of 6 on the "New Criminal Activity" scale and a 2 out of 6 on the "Failure to Appear" scale, and recommended release with pretrial monitoring.

¶ 13    The trial court granted the State's petition for pretrial detention. In both its written order and oral ruling, the trial court emphasized the fact that defendant has repeatedly obtained illegal firearms as evidence for its ruling that conditions of release could not mitigate the threat defendant poses.

¶ 14    On February 19, 2026, the State superseded the complaints against defendant with an indictment that charged defendant with one count of armed violence, two counts of possession of cannabis with intent to deliver, and three counts of aggravated unlawful possession of a weapon.

¶ 15    On April 14, 2026, defendant filed a motion for relief which argued that the State did not meet its burden of proof to show that proof is evident or the presumption great that defendant

---

[2]Under this statutory scheme, the trial court may, without entering judgment, sentence a defendant to complete the First Time Weapon Offense Program. For those who successfully complete that program, the trial court shall discharge the individual and dismiss the proceedings. 730 ILCS 5/5-6-3.6(c) (West 2024).

committed a detainable offense. Defendant claimed that he was no longer charged with the predicate offense that originally led to his pretrial detention. He further claimed that the State failed to prove that no condition or combination of conditions would reasonably ensure defendant's appearance or prevent him from being charged with a subsequent felony or Class A misdemeanor. At a hearing the same day, the trial court denied defendant's motion for relief.

¶ 16    Defendant filed a notice of appeal on April 16, 2026, and subsequently filed a notice indicating he would not be filing an appellate memorandum. Accordingly, we consider the arguments raised in defendant's motion for relief. Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024).

¶ 17                                        II. ANALYSIS

¶ 18    Section 110 of the Code presumes that all defendants are eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2024). That presumption is only overcome if the State can prove by clear and convincing evidence that: (1) the proof is evident or the presumption great that the defendant has committed a detainable offense; (2) the defendant poses a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case; and (3) no condition or combination of conditions set forth in section 110-10 of the Code can mitigate that threat. 725 ILCS 5/110-6.1(e)(1)-(3) (West 2024).

¶ 19    Clear and convincing evidence is "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12. We review the sufficiency of proffered evidence at a pretrial detention hearing *de novo*, affording no deference to the trial court. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 20  We first address defendant's argument that the State failed to establish by clear and convincing evidence that proof is evident or the presumption great that defendant committed a detainable offense. Specifically, he argues that defendant is no longer charged with UUW by a felon, the detainable offense used by the State to justify his pretrial detention. Defendant thus argues that the State failed to meet its burden of proof at the pretrial detention hearing because of something that happened *after* the detention hearing.

¶ 21  The evidence presented at the original detention hearing supported the trial court's conclusion that the proof was evident or the presumption great that defendant committed the detainable offense of UUW by a felon. Whether defendant *should* have been convicted of UUW by a felon in 2022, and whether that conviction may be vacated in the future, does not change the fact that the existence of a predicate felony conviction for the instant UUW by a felon charge was undisputed at the time of the detention hearing. The State also proffered that at the time of defendant's arrest he possessed a loaded semiautomatic handgun, and defendant's proffer did not dispute that fact.

¶ 22  Defendant's argument is essentially that, because he is no longer charged with UUW by a felon, this retroactively deprives the trial court of clear and convincing evidence that proof was evident or the presumption great that he committed a detainable offense. However, defendant's motion for relief contains no authority that indicates what should follow when the charges against a defendant change and the State is no longer pursuing the charge that resulted in his detention. His motion for relief simply states in a conclusory fashion that the State did not meet its burden of proof on the first element because he is no longer charged with UUW by a felon.

¶ 23    In response, the State cites to *People v. Boucher*, which addressed a different but relevant issue. *People v. Boucher*, 2026 IL App (1st) 252412, ¶ 34 (After the State filed a superseding indictment eliminating the detainable offense used to justify the defendant's pretrial detention, the State was not required to file a new pretrial detention petition because the new charges were also detainable offenses that arose from the same alleged conduct as the original petition and charges).

¶ 24    Given that defendant has not supplied us with any authority to suggest how we should navigate this issue, we would be justified in concluding that defendant has forfeited the issue because the burden of argument is on defendant, not this court. *People v. Battle*, 2023 IL App (1st) 231838, ¶ 33. However, even if we reach the merits, *Boucher* is persuasive. As charged, armed violence is a Class X felony for which the defendant, if convicted, shall serve a minimum term of imprisonment of 15 years. 720 ILCS 5/33A-2(a) (West 2024); 720 ILCS 5/33A-1(c)(2) (West 2024) (a handgun is a Category I weapon); 720 ILCS 5/33A-3(a) (West 2024) (commission of armed violence with a Category I weapon is a Class X felony for which a defendant shall be sentenced to a minimum term of imprisonment of 15 years). That charge therefore falls within the Code's definition of a detainable offense. 725 ILCS 5/110-6.1(a)(1) (West 2024); see also *People v. Pitts*, 2024 IL App (1st) 232336, ¶ 32 (armed violence charge based on possession of a controlled substance was a detainable offense).

¶ 25    Furthermore, based on the indictment, the armed violence charge stems from the same exact conduct and facts as the original UUW by a felon charge. Finally, the proffers made at the detention hearing provided clear and convincing evidence that proof is evident or the presumption great that defendant carried a loaded handgun during the commission of another felony— possession of cannabis with the intent to deliver. 720 ILCS 5/33A-2(a) (West 2024). *Boucher*

indicates that the State was not required to relitigate the necessity of the trial court's initial pretrial detention order under these circumstances. *Boucher*, 2026 IL App (1st) 252412, ¶ 34. Accordingly, the State provided sufficient evidence on this element to justify defendant's pretrial detention.

¶ 26    Defendant's second argument contained in his motion for relief is that, "[t]he court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of the defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor." There are two problems with this claim. The first is that defendant challenges a determination that the trial court never made. The trial court's written order and oral pronouncement both found that no condition or combination of conditions could mitigate the real and present threat that defendant poses. That language is consistent with the legal standard the State must meet to justify pretrial detention as outlined in section 110-6.1(e) of the Code. 725 ILCS 5/110-6.1(e) (West 2024). The trial court said nothing related to the standard quoted by defendant which appears in the Code in the section governing revocation of pretrial release. 725 ILCS 5/110-6 (West 2024).

¶ 27    The second problem is that defendant has supplied no argument to accompany this single conclusory statement. Litigants in pretrial detention appeals may stand on their motion for relief filed in the trial court and are not obligated to file a memorandum or brief in this court. Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). However, that does not relieve defendant of his burden of argument. We are entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument. *Battle*, 2023 IL App (1st) 231838, ¶ 33. This court is not a depository into which the appellant may dump the burden of argument and research. *Id*. These principles extend to pretrial detention appeals where the defendant stands on his motion for relief

and that motion for relief does not contain substantive argument. *People v. Davis*, 2024 IL App (1st) 241747, ¶ 40 (citing *Battle*, 2023 IL App (1st) 231838, ¶ 33).

¶ 28 Given that defendant has challenged a ruling the trial court did not make and has supplied us with no substantive argument, defendant has forfeited any challenge to the trial court's ruling that the State proved by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat posed by defendant.

¶ 29                                   III. CONCLUSION

¶ 30 For the foregoing reasons, the trial court's judgment is affirmed.

¶ 31 Affirmed.